# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | : |
| | : |
| SHIRLEY A. WALLACE, | : Case No. 22-1-4970-LS |
| | : Chapter 13 |
| Debtor. | : |
| | : |

## TRUSTEE'S OBJECTION TO DEBTOR'S
## CHAPTER 13 PLAN DATED NOVEMBER 1, 2022

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan dated November 1, 2022 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtor converted this case to Chapter 13 on November 3, 2022. The Plan proposes to pay $250.00 monthly for 60 months for a gross funding of $15,000.00.

2. The Plan proposes to cure the pre-petition mortgage arrearage owed to Rushmore. Rushmore filed a proof of claim asserting pre-petition mortgage arrears of $5,572.54. The Plan does not provide sufficient funding to cure the arrearage. The Plan is underfunded and does not satisfy the requirements of sections 1325(a)(1) and (5), and 1322(b)(5) of the Bankruptcy Code.

3. The Debtor has failed to provide 2022 tax returns prior to confirmation, Domestic Support Obligation Affidavit, explain notary fee expenses, provide car payoff dates, Identification Affidavit, and amend schedules I and J as requested by the Trustee. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

- 2 -

4. The Debtor has not adequately proved ownership and the market value of scheduled real property. The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

5. The Debtor must file with the Court monthly business reports as required by sections 1304(c) and 704(a)(8) of the Bankruptcy Code, and Bankruptcy Rule 2015(a)(3) and (c)(1).

6. Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED <u>AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING</u>*.  AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

          Respectfully submitted,

December 29, 2022         /s/ Timothy P. Branigan
         Timothy P. Branigan (Fed. Bar No. 06295)
         Chapter 13 Trustee
         9891 Broken Land Parkway, #301
         Columbia, Maryland 21046
         (410) 290-9120

- 3 -

## Certificate of Service

I hereby certify that the following persons are to be served electronically via the CM/ECF system:

Jeffrey M. Sirody, Esq.

I caused a copy of the pleading above to be sent on December 29, 2022 by first-class U.S. mail, postage prepaid to:

Shirley A. Wallace
10904 Phillips Drive
Upper Marlboro, MD  20772

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)